# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZZY OKUDAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>VOLKSWAGEN CREDIT, INC., a business entity form unknown, and DOES 1-30, inclusive,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09-CV-2293-H (JMA)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On May 26, 2011, Plaintiff Ozzy Okudan filed a motion requesting: (1) preliminary approval of the proposed settlement; (2) certification of the proposed settlement class for settlement purposes only; (3) approval of the form and manner of giving notice of the proposed settlement to the Settlement Class; (4) appointment of class representative and class counsel; and (5) a date for the final fairness approval hearing. (Doc. No. 36.) On July 25, 2011, Defendant Volkswagen Credit, Inc. filed its notice of non-opposition to Plaintiff's motion. (Doc. No. 38.) The Court held a hearing on the matter on August 1, 2011. Carol Brewer and Michael Lindsey appeared on behalf of Plaintiff. Brian Frontino and Jeffrey Bell appeared on behalf of Defendant. The Court set the final fairness hearing for November 14, 2011, at 10:30 a.m. After considering the parties' motions and argument, the Court GRANTS the motion for preliminary approval of class action settlement.

## **Background**

Plaintiff commenced this action in San Diego Superior Court, Okudan v. Volkswagen Credit, Inc., Case No. 31-2009-00096976-CU-BT-BTL, on August 26, 2009. On behalf of himself and a proposed class, Plaintiff claimed that Volkswagen Credit, Inc. ("VCI") had engaged in unlawful, unfair and fraudulent business practices in violation of California's Unfair Competition Law, Business & Profession Code §§ 17200 et seq. ("UCL"), predicated on alleged violations of California's Rees-Levering Automobile Sale Finance Act, Civil Code §§ 2981 et seq. ("Rees-Levering"). Plaintiff alleged that the form of post-repossession notice ("NOI") that VCI sent to members of the proposed class did not comply with Rees-Levering's requirements because, inter alia, it did not list all the conditions precedent to reinstatement of a vehicle contract after repossession. Because Rees-Levering, Civil Code § 2983.2(a), specifies that a creditor may obtain a deficiency against a defaulting consumer "only if" the NOI meets all of Rees-Levering's requirements, Plaintiff sought to cancel all deficiency balances that VCI asserted against him and the proposed class. He also sought restitution based on the amount each class member paid on deficiency balances during the class period, as well as injunctive relief, attorney's fees and costs.

On October 15, 2009, VCI removed the case to this Court pursuant to the Class Action Fairness Act. On April 14, 2011, the parties executed a Settlement Agreement, a copy which is attached to Plaintiff's motion. (Doc. No. 36-1 at 20, Ex. A.) The proposed settlement includes the following Settlement Class Members:

> All California consumer residents to whom VCI sent NOIs during the period beginning August 24, 2005 to April 13, 2010, whose vehicles were repossessed or voluntarily surrendered to VCI or its agents in California, and against whom VCI has asserted a deficiency balance. The Class excludes all employees of VCI and its affiliates, and all persons whose conditional sale contract obligations have been discharged in bankruptcy.

Under the proposed settlement VCI will provide a non-revertible fund to the Settlement Administrator in an amount sufficient to refund 70% of Settlement Class Members' post-repossession payments to VCI. As of February 22, 2011, VCI had collected $1,124,876.85

1  in customer post-repossession payments, so Plaintiff estimates that the fund will be a minimum
2  of about $800,000. (See Brewer Dec., ¶ 8.) The Settlement Administrator will send checks
3  to Refund Eligible Class Members without the necessity of claims or claim forms. Any of the
4  Class Members' checks that remain uncashed at the conclusion of the administration process
5  will be distributed to appropriate non-profits pursuant to the *cy pres* doctrine.

6  Additionally, VCI agrees to waive its claim to any deficiency balances from Settlement
7  Class members. As of August 20, 2010, VCI said the outstanding deficiency balances for
8  persons to whom it sent NOIs between August 24, 2005 and April 13, 2010 was more than $40
9  million. (Brewer Dec., ¶ 4.) VCI agreed to provide the following relief: (a) it agrees that they
10 do not owe any deficiency balances; (b) it will affirmatively change its internal account records
11 to reflect no balance owed; (c) it will take all actions necessary to cease efforts to collect
12 deficiency balances; (d) it will submit requests to Trans Union, Equifax and Experian to delete
13 VCI's tradeline from Settlement Class Members' accounts; (e) in response to any inquiries
14 about Settlement Class Members' account balances, it will say the balance is zero; (f) it will
15 return all deficiency balance payments Settlement Class Members made, up through the
16 deadline for Settlement Class members to opt out.

17 Finally, VCI will pay, separate and apart from the amount to fund payments to
18 Settlement Class Members, the cost of Class Notice and administration. It will also pay Class
19 Counsel's attorney's fees and expenses, not to exceed $325,000; and a service award to
20 Plaintiff, not to exceed $2,500. In exchange for these awards, each Settlement Class member
21 will release VCI from all claims arising out of or in connection with the claims that Plaintiff
22 made in his Complaint or which reasonably could have been asserted by the Settlement Class
23 in this Action.

## Discussion

### I. Rule 23 and Class Action Settlement

26 The decision to approve or reject a settlement is committed to the sound discretion of
27 the trial court. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). Deciding
28 whether to approve a proposed class action settlement is generally a two-step process. At the

1  preliminary approval stage, the court "should make a preliminary determination that the
2  proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of
3  Rule 23(b)." Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed.2004). The
4  court then approves the form and manner of notice and sets a final fairness hearing, where it
5  will make a final determination on the fairness of the class settlement. See id.

6       A court may approve a settlement that would bind class members only after a final
7  fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ.
8  Proc. 23(e)(2); see Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). When
9  approving a settlement, a court must ensure that notice is made in a "reasonable manner to all
10 class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1). To make
11 the ultimate determination of whether a settlement is fair, reasonable and adequate requires
12 evaluating several factors, including:

> strength of plaintiff's case; the risk, expense[,] complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. Nat'l Rural Telcoms. Coop. v. Directv, Inc., 221 F.R.D. 523, 528 (C.D. Cal. 2004).

     After reviewing the Complaint, the joint motion and the Settlement Agreement, **IT IS HEREBY ORDERED THAT**:

1. All terms and phrases used in this Preliminary Approval Order shall have the same meanings ascribed to them in the Agreement, unless otherwise noted.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, solely for purposes of effectuating this Settlement, the Settlement Class, which is defined in the Agreement and herein as:

> all California consumer residents to whom VCI sent NOIs, as

    defined below, during the period beginning August 24, 2005 through and including April 13, 2010, whose vehicles were repossessed by or voluntarily surrendered to VCI or its agents in California, and against whom VCI has asserted a Deficiency Balance. The Settlement Class excludes all employees of VCI and its agents and affiliates and persons whose conditional sale contract obligations have been discharged in bankruptcy.

3. The Court finds that the Settlement is within the range of reasonableness to the Settlement Class and approves, as to form and content: the Agreement and the Class Notice in the form of Exhibits A and B to the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. No. 36-1.)

4. The Court appoints Kurtzman Carson Consultants, LLC as the Settlement Administrator, in accordance with the Agreement.

5. No later than twenty-one (21) days after Preliminary Approval, VCI shall provide to the Settlement Administrator and Class Counsel, in electronic format, a database or spreadsheet identifying all members of the Settlement Class by name, last known address as reflected in VCI's records or spreadsheet for the Accounts of the Settlement Class, and account number. The database or spreadsheet shall also include the total of all Deficiency Balance payments made by each person within the Settlement Class who did not redeem or reinstate. If there are any errors in the database or spreadsheet that are later discovered by the Settlement Administrator or by Class Counsel, or if the Settlement Administrator has any difficulty in accessing or using the electronic data, VCI shall provide the assistance necessary to allow access to the database and/or spreadsheet. The Settlement Administrator shall agree to maintain the confidentiality of all information provided to it and to not use such information except as necessary for administration of the Settlement. The Settlement Administrator further shall provide all necessary assurance to the Court and the parties that it shall maintain the security and confidentiality of the information provided to it by VCI and shall not permit

|   |   |
|---|---|
| 1 | unauthorized access to data. It is hereby further ordered that VCI expressly is permitted |
| 2 | to produce the spreadsheet described herein and in the Settlement Agreement, which |
| 3 | admittedly contains private, financial, non-public information relating to the VCI |
| 4 | accounts of the Settlement Class, notwithstanding that the individuals in the Settlement |
| 5 | Class otherwise have a legitimate expectation and/or right of privacy pursuant to federal |
| 6 | and state constitutions, statute or case law. |

6. The Settlement Administrator is directed to send the Class Notice to the Settlement Class pursuant to Paragraph 4.4 of the Agreement on or before September 15, 2011. The Court finds that the Class Notice as defined in the Agreement constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of due process and the Federal Rules of Civil Procedure.

7. On or before October 28, 2011, the Settlement Administrator shall file with the Court a declaration stating that it has complied with this Preliminary Approval Order with respect to the Class Notice.

8. All members of the Settlement Class will possess the right to opt out by sending a written request to the Settlement Administrator on or before October 17, 2011. Exclusion requests must be signed and dated by all obligors on the Account and include the individual's name(s) and the following statement: "I/we request to be excluded from the class settlement in Ozzy Okudan v. Volkswagen Credit, Inc., U.S. District Court, Southern District of California, Case No. CV-2293 H JMA." No request for exclusion will be valid unless all of the information described above is included and is received by the Settlement Administrator on or before October 17, 2011. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies to the Parties.

9. All persons in the Settlement Class who do not opt out in accordance with the terms set forth herein and in the Class Notice will be bound by all determinations and judgments in the Action. In the event that more than one hundred (100) individuals from the

|     |     |
| --- | --- |
| 1   | Settlement Class exclude themselves from the Settlement, VCI shall have the right to |
| 2   | terminate the Settlement. |
| 3   | 10. A hearing (the "Fairness Hearing") shall be held before this Court at 10:30 a.m. on |
| 4   | November 14, 2011 to determine: (a) whether the proposed Settlement of the Action |
| 5   | on the terms and conditions provided in the Agreement should be given final approval |
| 6   | by the Court; (b) whether the Final Judgment should be entered; and (c) whether to |
| 7   | approve the payment of Class Counsel's attorneys' fees and costs and Plaintiff's |
| 8   | incentive award as set forth in the Agreement or in some other amount. The Court may |
| 9   | adjourn or continue the Fairness Hearing without further notice to the Settlement Class. |
| 10  | 11. On or before September 15, 2011, Class Counsel shall file a Motion for Final Approval |
| 11  | of the Settlement and for an award of attorneys' fees, costs, expenses and incentive |
| 12  | award to Plaintiff. |
| 13  | 12. Any Settlement Class Member may appear at the Fairness Hearing and show cause, if |
| 14  | he or she has any, why the proposed Settlement should not be approved as fair, |
| 15  | reasonable and adequate, why the Final Judgment should not be entered, dismissing the |
| 16  | Action in its entirety with prejudice in accordance with the terms of the Agreement, |
| 17  | and/or why Class Counsel's attorneys' fees and costs and/or Plaintiff's incentive fee |
| 18  | should not be approved; provided, however, that no Settlement Class Member, or any |
| 19  | other person, shall be heard or entitled to contest the approval of the terms and |
| 20  | conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered |
| 21  | thereon approving same, unless, not less than forty-five (45) days prior to the Fairness |
| 22  | Hearing, the person has served a written statement of each of his or her objections and |
| 23  | the basis therefore, and copies of any papers in support of his or her position, upon |
| 24  | Class Counsel: Carol M. Brewer, Esq., Anderson Ogilvie & Brewer LLP, 600 |
| 25  | California Street, 18th Floor, San Francisco, CA 94108; and VCI's Counsel: Lisa M. |
| 26  | Simonetti, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, |
| 27  | Los Angeles, California 90067, and file said statement and supporting papers with the |
| 28  | Court with proofs of service on the above attorneys. Any person who does not make |

1  an objection in the time and manner required shall be deemed to have waived such
2  objection and forever be foreclosed from making any objection to the Settlement, unless
3  otherwise ordered by the Court.

4  13. Pending final determination of whether this Court should approve the Settlement, no
5  person in the Settlement Class, including Plaintiff, or any person purporting to act on
6  behalf of such persons, may, directly, on a representative basis or in any other capacity,
7  commence or prosecute against any of the Released Parties any action, arbitration or
8  proceeding in any court, arbitration forum or tribunal asserting any of the Released
9  Claims.

10 14. The Court retains jurisdiction to consider all further applications arising out of or
11 connected with the Settlement.  The Court may approve the Settlement with such
12 modifications as it and the parties deem appropriate, without further notice to the
13 Settlement Class.

14 **IT IS SO ORDERED.**

15 DATED: August 1, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT